FILED
2016 Aug-19  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**63-CV-201**<br>Date of Filing:<br>07/08/2016 | ELECTRONICALLY FILED<br>7/8/2016 1:05 PM<br>63-CV-2016-900736.00<br>CIRCUIT COURT OF<br>TUSCALOOSA COUNTY, ALABAMA<br>MAGARIA HAMNER BOBO, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF TUSCALOOSA COUNTY, ALABAMA
### DYRAL EATON ET AL v. MIDLAND CREDIT MGT, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
     Appeal/Enforcement of Agency Subpoena/Petition to
     Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
     Judgment/Injunction Election Contest/Quiet Title/Sale For
     Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

   R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   EAT009        7/8/2016 1:05:06 PM        /s/ FRANKLIN  HOLLIS EATON JF

**MEDIATION REQUESTED:**   ☐ Yes ☐ No ☑ Undecided

ELECTRONICALLY FILED
7/8/2016 1:05 PM
63-CV-2016-900736.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **DYRAL EATON, FRANK** ) | |
| **EATON SR., & FLORENCE** ) | |
| **MCGEE** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** _____ |
| ) | |
| **MIDLAND CREDIT MGMT, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, the Plaintiffs Dyral Eaton, Frank Eaton, Sr. and Florence McGee (hereinafter "Plaintiffs", or individually "Dyral", "Frank, Sr.", and "McGee"), by and through the undersigned counsel and for Plaintiff's Complaint against the Defendant states as follows:

## INTRODUCTION

1.  Plaintiffs complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* ("TCPA")[1] and State Law claims.

2.  The TCPA was enacted into law on December 20, 1991 (Telephone Consumer Protection Act of 1991, Pub L. No. 102-243, 105 Stat. 2394 (1991)), and

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

is codified at 47 U.S.C. § 227.  Express Congressional intent in passing the TCPA was to "protect the privacy interests of residential telephone subscribers" by placing certain restrictions on the use of unsolicited, automated phone calls made by telemarketers who were "blasting" out advertising by the use of both "facsimile machines and automatic dialers."  (See, e.g. Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968.)  The Legislative history shows that in enacting the TCPA, the Legislation was adopted as a response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications."  *Id.* at 1969.

3.     Plaintiffs, thorough the undersigned attorney bring this action to challenge the actions of Defendant Midland Credit Management, Inc. (hereinafter "Defendant") for unlawful harassment in connection with the alleged debt collection activity, and for calling Plaintiff McGee's home telephone number and Frank Eaton, Sr's cellular telephone over 125 times – without prior express consent – in violations of the National Do Not Call List by utilizing an automatic telephone dialing system (ATDS). 47 C.F.R. § 64.1200.

4.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like the Plaintiffs.  "Voluminous consumer complaints about abuses of telephone technology – for example,

computerized calls dispatched to private homes and cellular telephones – prompted Congress to pass the TCPA." <u>Mims v. Arrow Fin. Servs. LLC</u>, 132 S. Ct. 740, 744 (2012).

5.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102-243, § 11.   Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumers from this nuisance and privacy invasion.

<u>Id.</u> at § 12 (emphasis added); <i>see also</i> <u>Martin v. Leading Edge Recovery Solutions, LLC</u>, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.     Under the TCPA "It shall be unlawful...(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system... 47 U.S.C. § 227(b)(1)(A),(B).

7.      Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, <u>Mims</u>, 132 S. Ct. at 744 (emphasis added.)

8.      In 2003 the FCC, as authorized by the TCPA (47 U.S.C. §227(c)), created a national "Do-Not- Call" registry providing residential consumers with a one-step option to prohibit unwanted telephone solicitations.

9.      Registration on the Do-Not-Call list continues indefinitely. It prohibits calling a telephone subscriber who has registered his or her phone number on the national Do-Not-Call registry.

10.     Under 47 C.F.R. § 64.1200(d), companies such as Defendant are required to maintain separate do-not-call list from the national registry and honor any request to not be called again.

11.     Congress therefore put the responsibility for compliance with the law directly on the party that "makes" or "initiates" automated and prerecorded message calls. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* FCC 15-72 at 29 (2015).

12.     Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## **JURISDICTION & VENUE**

4

13.     This action partially arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA") and out of the invasion of Plaintiffs personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

14.     Because Defendant conducts business within the State of Alabama by maintaining a registered agent CSC Lawyers Incorporating Svc, Inc. for service at 150 South Perry St. Montgomery AL 36104, personal jurisdiction is established.

15.     Because all tortuous conduct occurred within the County of Tuscaloosa, and witnesses are located within, venue properly lies in this court.

## PARTIES

16.     The Plaintiff, Dyral Eaton is a natural person above the age of 19, and a resident of Alabama.

17.     The Plaintiff, Frank Eaton, Sr. is a natural person above the age of 19, and a resident of Alabama.

18.     The Plaintiff, Florence McGee is a natural person 92 years old, and a resident of Tuscaloosa County, Alabama.

19.     Defendant, Midland Credit Mgmt, Inc. ("Defendant" or "Midland") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in the State of Kansas that is a wholly owned subsidiary of

5

Encore Capital Group, Inc.  Midland's principle office is located at 8875 Aero Drive, Suite 200 San Diego California 92123.  Midland is registered with the Alabama Secretary of State to engage in debt collection activities in Alabama.  Midland may be served with process by serving its registered agent for service of process: CSC Lawyers Incorporating Svc, Inc. 150 South Perry St. Montgomery AL 36104.

## GENERAL FACTS AND ALLEGATIONS

20.   Plaintiff Eaton and Frank H. Eaton, Sr. temporarily reside with Dyarl Eaton's 92-year-old mother, Plaintiff McGee in order to provide care and physical assistance.

21.   Plaintiffs residential phone number (205) 339-1873 is and has been registered since the inception of the National Do-Not-Call list.

22.   Defendant places telephone calls from numbers including, but not limited to, 866-580-4780, 888, 311-2118, 877-230-8830 and 888-405-9988.

23.   Plaintiff's residential telephone number is a voice over internet protocol (VOIP) whereby the Plaintiffs are charged a fee by the phone provider for service and for the transmission of incoming caller ID information.

24.   The VOIP service forwards all calls made to (205) 339-1873 to Frank Eaton Sr's cell phone (256) 506-7774.

DOCUMENT 2

25.   Frank Eaton, Sr. informed Defendants on more than one occasion that their calls were being forwarded to his cellular telephone and that Defendants did not have his express consent to make autodialed calls to his cell phone.

26.   Dyral Eaton never granted Defendant express consent nor provided her mother's phone number (205) 339-1873 to Defendant nor to any potential originating creditor associated with or in connection to the alleged underlying debt. *ACA Declaratory Ruling,* 23 FCC Rcd at 564, para. 9.

27.   On or about November 8, 2015, without Eaton's prior express consent, permission or invitation Defendant began placing numerous autodialed calls on a daily basis to McGee's phone number in order to make contact with Dyral Eaton and/or leave messages for Dyral Eaton regarding an alleged debt.

28.   Upon information and belief the alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29.   Upon information and belief Defendant purchased the alleged debt and began harassing collection activities against Eaton.

30.   Upon information and belief, the alleged debt is outside the statute of limitations for Defendant to take any legal action to collect.

31.   Upon information and belief Defendant has failed to provide written verification of the alleged debt to Eaton prior to beginning the barrage of autodialed

calls in violation of 15 U.S.C. § 1692g(a) and attempted to collect the alleged debt in violation of 15 U.S.C. § 1692g(b)

32.    Frank Eaton, Sr. requested Defendant verify the alleged debt; demanded Defendant's place McGee's phone number (205) 339-1873 on Defendants Do-Not-Call List; and not to call back.

33.    Per its prior business practices, each collection call placed by Defendant to Plaintiffs was placed using an automatic telephone dialing system.

34.    Upon information and belief every call placed by Defendant and answered by Plaintiff's and/or family members resulted with the person answering having to wait a few seconds upon answering the call and saying hello multiple times until a live agent connected, which has given Plaintiff's information and belief that Defendant's calls were placed with an ATDS.[2]

35.    On numerous occasions the Plaintiffs and or their family members would answer Defendant's calls to Plaintiff home telephone number only to hear "dead air" and hang ups.[3]

36.    Defendant's agents and/or employees made autodialed calls to Plaintiffs absent original express consent.

---

[2] Automatic Telephone Dialing System as defined by the TCPA at 47 U.S.C. § 227(a)(1)
[3] *See* FCC, Consumer Guide: Unwanted Telephone Marketing Calls 2 (2013), http://www.fcc.gov/cgb/consumerfacts/tcpa.pdf ("The use of autodialers . . . often results in abandoned calls—**hang-ups** or `**dead air**.'").

37.   Plaintiffs orally revoked any and all possibly inferred or implied subsequent express consent on various occasions.

38.   An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B).  Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect to recipient with a live agent of the debt collector.

39.   Defendant's calls to (205) 339-1873 have been forwarded to Frank Eaton, Sr's. cellular telephone without his prior express written consent.

40.   All of the above-described communications made to Plaintiffs by Defendant and/or the agents of Defendants were made in violation of the FDCPA and TCPA.

41.   The above-described calls placed to Plaintiff McGee's home telephone number were without any linked consent whatsoever to the alleged debt much less the required expressed consent and were made in knowing violation of the FDCPA and TCPA.  Alea London Ltd. v. American Home Services, Inc., 638 F. 3d 768 (11th DCA 2011).

DOCUMENT 2

42.    Defendant at all time relevant to this action had knowledge of the existence and the provisions of the TCPA and the regulations promulgated thereunder by the FCC and FTC.

43.    The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect the alleged debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

44.    Plaintiff McGee has suffered mental and emotional distress by way of confusion, anxiety, anger, confusion, loss of sleep, and feelings of despair.

45.    Given that Defendant has been repeatedly harassing Dyral Eaton's elderly 92-year-old mother and has been doing so unnecessarily because of Defendant being readily aware they were calling Plaintiff McGee's home telephone number, Plaintiff Eaton has suffered mental and emotional distress by way of anxiety, anger, loss of sleep, and feelings of despair.

46.    Plaintiffs Eaton and McGee have suffered actual damages as a result of the illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal property.

47.    The voluminous calls were intended to annoy, abuse, or harass and coherse Plaintiff into paying a debt in violation of 15 U.S.C. § 1692d(5).

DOCUMENT 2

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et. seq.

48.    Plaintiffs adopt and re-allege each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

49.    By repeatedly calling Plaintiff Eaton despite the clear lack of express consent and request that Defendant stop calling (205) 339-1873 and repeatedly calling Plaintiff McGee who has no involvement with the alleged debt, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt in violations of 15 U.S.C. § 1692f; has communicated with her more than once in violation of 15 U.S.C. § 1692(3); and has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

50.    By repeatedly calling Plaintiff McGee's home telephone number despite Plaintiff's clear insistence that Defendant stop calling, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f; has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d of the FDCPA.

DOCUMENT 2

51.    As a result of Defendant's violations of the FDCPA, Plaintiffs are each individually entitled to actual damages pursuant to 15 U.S.C. § 1692(a); (1) statutory damages in the amount up to $1,000 each pursuant to 15 U.S.C. §1692k(a)(2)(A); (2) actual and compensatory damages; and (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**COUNT II.**
**VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT (TCPA)**
**47 U.S.C. § 227**

52.    Plaintiffs adopt and re-allege each and every allegation set forth in above paragraphs and incorporates them by reference herein.

53.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by automatic dialers (or "predictive dialers") that have been unleashed against Plaintiffs by Defendant in violation of the National and TCPA Do-Not-Call requirements.

54.    There is no exception or justification for the numerous violations of the TCPA by Defendant, as Plaintiff Eaton had never consented to the Defendant to use auto dialers against Plaintiff McGee's home telephone number or Frank Eaton, Sr's cellular telephone.

55.    Each call is a separate violation and entitles Plaintiffs to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made intentionally, knowingly or recklessly

DOCUMENT 2

that the violations be assessed a statutory damage of $1,500.00 per call.  47 U.S.C.

§ 227(b)(3).

56.    All actions taken by Defendant were taken with malice, were done

willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or

with the knowledge that its actions would likely harm Plaintiffs and/or that its

actions were taken in violation of the TCPA and/or that Defendant knew or should

have known that its actions were in reckless disregard of the TCPA.

57.    All of the violations of the TCPA proximately caused the injuries and

damages set forth in this Complaint.

58.    Upon information and belief, these violations of the TCPA were

knowing and willful because Defendant has been the subject of multiple lawsuits

over TCPA phone calls placed to consumers residential and cellular telephone

numbers.

### COUNT III.
### VIOLATIONS OF THE TELEPHONE CONSUMER
### PROTECTION ACT (TCPA) DO-NOT-CALL LIST
### 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)

59.    Plaintiffs adopt and re-allege each and every allegation set forth in

above paragraphs and incorporates them by reference herein.

60.    Defendant has repeatedly violated 47 U.S.C. 227(c) and 47 C.F.R. §

64.1200(d) ("TCPA's Do-Not-Call List "), by placing calls to Plaintiffs after

Plaintiff's demanded Defendant's place McGee's telephone number on Defendant's Do-Not-Call List.

61.    There is no exception or justification for the numerous violations of the 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(d) by Defendant.

62.    Each call is a separate violation of the ("TCPA's Do-Not-Call List"), and entitles Plaintiffs to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made intentionally, knowingly or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.  47 U.S.C. § 227(c)(5).

63.    All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA's Do-Not-Call List and/or that Defendant knew or should have known that its actions were in reckless disregard of the TCPA's Do-Not-Call List.

64.    All of the violations of the TCPA's Do-Not-Call List proximately caused the injuries and damages set forth in this Complaint.

65.    Upon information and belief, these violations of the TCPA's Do-Not-Call List were knowing and willful because Defendant has been the subject of multiple lawsuits over TCPA phone calls placed to consumers.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

66.     Plaintiffs adopt and re-allege each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

67.     Alabama law recognizes Plaintiffs right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

68.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated: *Abusive debt collection practices contribute to... invasions of individual privacy.*  15 U.S.C. § 1692(a) (emphasis added).

69.     Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs privacy.

70.     Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs right to privacy.

71.     Plaintiffs have a reasonable expectation of privacy in Plaintiffs solitude, seclusion, private concerns or affairs, and private financial information.

72.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

73.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial.

74.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT V

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

75.     Plaintiffs adopt and re-allege each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

76.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT VI

## MENTAL ANGUISH/EMOTIONAL DISTRESS

## (As to Plaintiff McGee)

77.    Plaintiffs adopt and re-allege each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

78.    As Plaintiff McGee is a natural person who was the subject of multiple deliberate efforts by Defendant to contact or to obtain location information of Plaintiff Eaton; Defendant consequently owed Plaintiff McGee a duty of care not to harm her with their want of ordinary care or skill.

79.    Defendant's persistent and unrelenting acts of harassment by placing an obscene and unreasonable amount of phone calls to Plaintiff McGee despite the family's repeated insistence that such phone calls cease, Defendant breached the duty of care owed to her, and thereby caused her severe emotional distress by way of anxiety, confusion, worry, stress and loss of sleep.

80.    Defendant is therefore liable to Plaintiff McGee, as a result of their want of ordinary care or skill in the management of their property or person.

81.    Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined Alabama Civil Code 6-11-20, as Defendant's conduct was done in complete conscious disregard of Plaintiff McGee's rights to not be called by Defendant for something that she has absolutely no involvement with and despite her and both Eaton's insistence that Defendant not call.

DOCUMENT 2

82.    Defendant's numerous collection calls to Plaintiffs are annoying, harassing and abusive.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Premises considered, Plaintiffs respectfully requests that Defendants be summoned to appear and answer, and that upon final trial, the Court enter a judgment for Plaintiffs and against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

1.    An award of actual damages for each Plaintiff individually pursuant to 15 U.S.C. § 1692k(b)(3), as will be proven at trial; plus

2.    An award of statutory damages of $3,000.00 or $1,000 for each Plaintiff individually pursuant to 15 U.S.C. § 1692k(a)(2)(A) for willful and knowing violations, which cumulative and in addition to all other remedies, which is cumulative and in addition to all other remedies;

3.    An award of actual damages including, but not limited to, the emotional distress Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1); plus

4.    An award of all court costs, witness fees and reasonable attorney's fees.

## COUNT II.

### TCPA - §227(b)(3)(A)

1.    For an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs;

2.    Statutory damages of $500.00 or $1,500.00 per call; and

3.    For such other and further relief as may be just and proper.

## COUNT III.

### TCPA - §227(c)

1.    For an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs;

2.    Statutory damages of $500.00 or $1,500.00 per call; and

3.    For such other and further relief as may be just and proper.

## COUNT IV.

### TCPA's DO-NOT-CALL LIST

1.    For an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs;

2.    Statutory damages of $500.00 or $1,500.00 per call; and

3.    For such other and further relief as may be just and proper.

## COUNT V.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

1. For an award of actual damages from Defendant for all damages including emotional distress suffered as a result on the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasion of privacy in an amount to be determined at trial for Plaintiffs;

2. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Alabama Civil Code § 6-11-20; and

3. For such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

1. For an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiffs;

2. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Alabama Civil Code § 6-11-20; and

3. For such other and further relief as may be just and proper.

## COUNT VII

## MENTAL ANGUISH/EMOTIONAL DISTRESS

1.     For compensatory damages as will be proven at trial; and

2.     Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Alabama Civil Code § 6-11-20.

3.     For other and further relief as the court may deem proper.

## **TRIAL BY JURY**

Plaintiff demands trial by jury of all claims or issues so triable.


Respectfully Submitted,

/s/ Franklin H. Eaton, Jr.
Franklin H. Eaton, Jr.
1360 AL Hwy 205 South
Boaz, AL 35956
(256) 738-4730
franklineatonjr@mac.com


**Please serve Defendants via Certified Mail at the following addresses:**

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporated Service, Inc.
150 South Perry Street
Montgomery, AL 36104



AlaFile E-Notice

63-CV-2016-900736.00

To:   FRANKLIN  HOLLIS EATON JR.
       franklineaton@att.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DYRAL EATON ET AL V. MIDLAND CREDIT MGT, INC.
63-CV-2016-900736.00

The following complaint was FILED on 7/8/2016 1:05:32 PM

Notice Date:       7/8/2016 1:05:32 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>63-CV-2016-900736.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
DYRAL EATON ET AL V. MIDLAND CREDIT MGT, INC.

MIDLAND CREDIT MGT, INC., 150 SOUTH PERRY ST., MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANKLIN  HOLLIS EATON JR.

WHOSE ADDRESS IS 1360 AL HWY 205 SOUTH, BOAZ, AL 35956

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DYRAL EATON
   pursuant to the Alabama Rules of the Civil Procedure

Date   7/8/2016 1:05:32 PM          /s/ MAGARIA HAMNER BOBO
                                    Clerk/Register
                                    714 GREENSBORO AVENUE
                                    TUSCALOOSA, AL 35401

☑ Certified Mail is hereby requested       /s/ FRANKLIN  HOLLIS EATON JR.
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____          _____          _____
Date                             Server's Signature                Address of Server

_____          _____          _____
Type of Server                   Server's Printed Name             Phone Number of Server

DOCUMENT 5

*Original*

CM

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 63-CV-2016-900736.00 |
| Form C-34   Rev 6/88 | | *AWM* |

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
DYRAL EATON ET AL V. MIDLAND CREDIT MGT, INC.

*D1*

NOTICE TO   MIDLAND CREDIT MGT, INC., 150 SOUTH PERRY ST., MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANKLIN HOLLIS EATON JR.

WHOSE ADDRESS IS 1360 AL HWY 205 SOUTH, BOAZ, AL 35956

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DYRAL EATON
   pursuant to the Alabama Rules of the Civil Procedure

Date   7/8/2016 1:05:32 PM   /s/ MAGARIA HAMNER BOBO   *By: LA*

*ISS: 7/20/16*

Clerk/Register
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

☑ Certified Mail is hereby requested   /s/ FRANKLIN HOLLIS EATON

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint

in _____

_____

Date   Server's Signature

_____

Type of Server   Server's Printed Name

**U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | *CN-16-900736* |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | *AWM* Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ *7.78* | *D1* |

Sent To *Midland Credit Mgt, Inc.*
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006   See Reverse for Instructions

63-CV-2016-900736.00
DYRAL EATON ET AL V. MIDLAND CREDIT MGT, INC.

| C001 - DYRAL EATON | v. | D001 - MIDLAND CREDIT MGT, INC. |
|---|---|---|
| Plaintiff | | Defendant |

**SERVICE RETURN**

CN-16-900130 Awil Summons

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: DT

Midland Credit Mgt, Inc.

150 South Perry Street

Montgomery, AL 36104

9590 9402 1723 6074 7582 97

2. Article Number (Transfer from service label)

7012 3460 0003 5712 9792

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

JUL 2 2 2016

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 1723 6074 7582 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**MAGARIA H. BOBO**

**CIRCUIT CLERK**

**714 GREENSBORO AVE. ROOM 214**

**TUSCALOOSA, AL 35401**

CN-16-900736 RWM Summons

DOCUMENT 7



AlaFile E-Notice

63-CV-2016-900736.00

Judge: ALLEN W. MAY, JR

To:   EATON FRANKLIN HOLLIS JR.
      franklineaton@att.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

DYRAL EATON ET AL V. MIDLAND CREDIT MGT, INC.
63-CV-2016-900736.00

The following matter was served on 7/22/2016

**D001 MIDLAND CREDIT MGT, INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

205-349-3870
magaria.bobo@alacourt.gov